The State, Appellant, *vs.* Henke & Henke, Respondents.

1. Hiring a slave to maul rails, without the written consent of his master, is not a dealing with the slave, within the meaning of section 33 of the act concerning "slaves," (R. C. 1845.)

State *v.* Henke.

*Appeal from Franklin Circuit Court.*

*H. A. Clover,* for the State.
*J. D. Stevenson,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

The defendants were indicted at the September term, 1852, of the Circuit Court of Franklin county, for dealing with a slave. The indictment charges that the defendants on, &c., at the county of Franklin, without the consent in writing of the master, owner or overseer, did then and there deal with a slave, to-wit, with Anderson, a negro man, belonging to Samuel Wilkinson, in this, in hiring said slave to maul rails, and did then and there pay said slave one dollar and eighty cents for said mauling of said rails, and without the consent in writing of the master, owner or overseer of said slave first had and obtained, contrary, &c. The indictment was, on the motion of the defendants, quashed, and the State brings the case here.

1. This indictment is founded on the following section of the act concerning " slaves." R. C. 1845, sec. 33, p. 1018. Sec. 33 : " Any person who shall buy of, sell to, or receive from any slave, any commodity whatsoever, without the consent in writing of the master, owner or overseer of such slave first had and obtained, or who shall deal with any slave without such consent, shall forfeit to the master, owner or overseer of such slave, four times the value of the commodity so bought, sold or received, to be recovered by action of debt with costs, and shall also forfeit to the county in which the offence was committed, twenty dollars, to be recovered by indictment."

In the opinion of this court, the indictment was properly quashed by the court below. " The mauling of rails" charged therein, is not the commodity contemplated by the legislature, nor is it embraced by the statute.

The statute was obviously designed to prevent slaves from

trading, selling or dealing in any commodity (that is, any thing movable that is bought and sold) with a person, without the master's permission, or that of the owner or overseer.   It does not include the manual labor of the slave, however wrong it may be to hire or to induce a slave to work or labor for a person without the master or owner's knowledge and permission.

The legislature supposed, by prohibiting the dealing with slaves' for any commodity, it would lessen the inducement to them for running about, leaving their master's premises, as well as to take away the temptation to pilfer, in order to carry on such traffic.

Nor is the mauling of rails such a dealing as is contemplated. So the indictment is defective.   The judgment is therefore affirmed, Judge Scott concurring.   Judge Gamble not sitting.